IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LINDA D.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:19-cv-00595 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By:  Elizabeth K. Dillon |
| Security Administration, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Linda D. brought this action for review of the final decision made by defendant,

Commissioner of the Social Security Administration, denying her application for disability

insurance benefits under the Social Security Act.  (Complaint, Dkt. No. 2.)  Both parties moved

for summary judgment (Dkt. Nos. 10, 14), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court

referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation

(R&R).  On February 11, 2021, the magistrate judge issued his R&R, finding that substantial

evidence supported the Commissioner's decision.  (R&R, Dkt. No. 18.)  Linda D. filed a timely

objection on August 20, 2020.  (Pl.'s Obj., Dkt. No. 19.)

After de novo review of the pertinent portions of the record, the report, and the filings by

the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

recommendation.  Accordingly, the court will grant the Commissioner's motion for summary

---

[1]  Due to privacy concerns, the court is adopting the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States that courts only use the first
name and last initial of the claimant in social security opinions.

1

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 2–7.)  Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of bipolar disorder, anxiety, personality disorder, and opiate dependence.  After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform a full range of exertional work, but with non-exertional limitations.  Those non-exertional limitations are: limited to simple, routine, and repetitive tasks, with no fast-paced production, in a low-stress job defined as only occasional decision-making and only occasional changes in the work setting.  (Tr. 14.)  Also, only occasional interaction with supervisors, less than occasional interaction with coworkers, no interaction with the public, and no exposure to hazardous machinery or unprotected heights.  (*Id.*)  Thus, the ALJ concluded that plaintiff is not disabled because she could perform jobs that exist in significant numbers in the national economy.

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a

"large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver.  *Id.*  Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7

(E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review."  *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B.  Linda D.'s Objections to the R&R**

In her summary judgment brief, Linda D. argued that the ALJ erred in assessing her mental impairments and subjective allegations of impairments.  (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 24–40, Dkt. No. 11.)  In many if not most respects, Linda D.'s objections are a restatement of her summary judgment arguments.  It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge.  The court will, however, address the following objections.

The bulk of the analysis by plaintiff and the R&R has been devoted to plaintiff's mental impairments.  The R&R found that this is not a situation similar to *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), where "the ALJ summarily concluded that a limitation to simple, unskilled work accounts for the claimant's moderate impairment in concentration, persistence and pace without further analysis."  (R&R 9.)  The medical evidence supports the ALJ's conclusions that despite her moderate limitations in concentration, persistence, and pace, plaintiff can perform the basic mental demands of working with the specified accommodations.  Also, the phrase "no fast-paced production" requires no additional explanation, and the court is "not left to guess what the ALJ meant when he included the limitation of 'no fast-paced production' in his RFC."  (R&R 9–10.)  Finally, the ALJ adequately supported his finding that plaintiff could sustain simple, routine, and repetitive tasks over a normal workday by providing a "detailed history of

[plaintiff's] mental health issues, symptoms, and treatment, including her hospitalizations." (R&R 10.)

Plaintiff objects that the R&R erred in concluding that the ALJ's use of "no fast-paced production" requires no additional explanation. The R&R explained that the ALJ provided further explanation by indicating that production quotas are limited "since they could result in increased stress." (Tr. 17.) Plaintiff argues that the RFC already limited plaintiff to low-stress jobs, so this explanation adds nothing. The court disagrees because a limitation on production quotas—no fast-paced production—is one of many ways in which stress can be managed or lessened in the work environment. Additional descriptors such as "work only in a low stress setting" and "without any fast-paced work or public contact" have been held to provide "context to permit the court to understand and evaluate the restriction and RFC." (R&R 10 (citing *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019).)

The court also notes plaintiff's objection to the characterization of her mental status examinations as "generally normal." (R&R 11 n.13.) Plaintiff argues that the ALJ ignored and mischaracterized significant evidence that differed from the ALJ's conclusion, but as the R&R explained, the ALJ understood plaintiff's impairments, finding severe impairments in bipolar disorder, anxiety and personality disorder. The ALJ also acknowledged plaintiff's multiple hospitalizations and analyzed the medical records. For example, the ALJ noted that abnormal findings were the exception to largely normal findings and were the result of poor choices by the plaintiff, such as dropping out of a drug treatment program because she was unwilling to give up cannabis. (*Id.* (citing Tr. 17).) Plaintiff may disagree with the ALJ's weighing of the evidence, but the reviewing court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

III.  CONCLUSION

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule plaintiff's objections, adopt the magistrate judge's recommendation, affirm the Commissioner's final decision, grant the Commissioner's motion for summary judgment, and deny plaintiff's motion for summary judgment.

An appropriate order will be entered.

Entered: March 15, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge